## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-1731 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
|    *Defendants*, | § | |

| | | |
|---|---|---|
| REGINALD LANE, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1971 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
|    *Defendants*. | § | |

| | | |
|---|---|---|
| KEVIN SMITH-IDOL, *et al.*, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1168 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
|    *Defendants*. | § | |

### ORDER

Pending before the court is defendants' motion for summary judgment. Dkt. 327.[1] Upon consideration of the motion, the pleadings, and the applicable law, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Defendants Halliburton Company ("Halliburton"), Halliburton Energy Services, Inc. ("HESI"),

---

[1] All docket references will be based on the Fisher docket unless otherwise noted. Additionally, the responses to defendants' motion filed by the individual plaintiffs in this case were identical. The motion can be found at the following docket entries: Fisher (Dkt. 327); Lane (Dkt. 154); Smith-Idol (Dkt. 111). The response can be found at the following docket entries: Fisher (Dkt. 357); Lane (Dkt. 182); Smith-Idol (Dkt. 132). The reply can be found at the following docket entries: Fisher (Dkt. 366); Lane (Dkt. 191); Smith-Idol (Dkt. 141).

DII Industries, LLC ("DII"), Kellogg Brown & Root International, Inc. ("KBRII"), and KBR Holdings, LLC ("KBR Holdings") (collectively, "defendants") originally filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On the record at a hearing on November 18, 2009, this court, with agreement from all parties, converted the motion to a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

The procedural and factual background of this case is well known. *See Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008). For purposes of this order, only the corporate hierarchy of Halliburton is necessary. Halliburton was and remains the parent corporation of all other defendants in this suit. Dkt. 315. Halliburton is a corporation existing under the laws of Delaware and pursues significant business in the State of Texas. *Id.* Defendant HESI, a corporation, was and remains a corporate entity of Halliburton. *Id.* Additionally, HESI is the parent corporation of defendant DII. *Id.* In turn, DII wholly owns defendant KBR, Inc. (who is not a movant to this order). *Id.* Defendant KBRII is a wholly owned subsidiary of defendant KBR, Inc. *Id.* Finally, defendant KBR Holdings appears to be the current parent corporation of KBR, Inc.[2] *Id.*

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

---

[2] Some discrepancies exist in the parties' allegations of the Halliburton corporate structure, as both KBR Holdings and DII are noted as the parent company of KBR, Inc. Dkt. 315. However, such a determination is not necessary to the resolution of this motion.

2

summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting

"conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**B.     Defendant KBR Holdings**

It is uncontested that KBR Holdings was not in legal existence in 2003 or 2004, the period during which the plaintiffs claim the events giving rise to this litigation occurred. Dkt. 327. Therefore, KBR Holdings is clearly not an appropriate defendant in this case. Accordingly, KBR Holdings is dismissed as a defendant for all and each of plaintiffs' claims. The motion is **GRANTED** as to defendant KBR Holdings.

**C.     Defendants HESI, DII, and KBRII**

Defendants HESI, DII, and KBRII allege that there is no evidence that they, as individual corporate entities, were in any way involved with the events giving rise to this litigation. Dkt. 327. They further claim that any action that may induce liability was performed by other Halliburton entities, including those who were LOGCAP III signators. *Id.* In so claiming, the burden shifts to the plaintiffs to establish a genuine issue of material fact.[3] *Transamerica Ins. Co.*, 66 F.3d at 718–19. However, the plaintiffs failed to provide the court with evidence, either in their written response or on the record, sufficient to show that these particular defendants were in any way involved with the

---

[3] The legal inquiry is not, as plaintiffs allege, whether "the [defendants HESI, DII, and KBRII] have [] conclusively established that they are immune from blame." This is an inaccurate statement of the burdens inherent in Rule 56 summary judgment analysis. Instead, once the defendants have alleged that no evidence exists as to their liability, the burden shifts to the plaintiffs to demonstrate there is a genuine issue of material fact preventing summary judgment.

4

allegations giving rise to this case. Although the plaintiffs' response was accompanied by numerous evidentiary exhibits, these documents did not make any showing of liability as to these three defendants. Dkt. 357. In fact, the response itself tends to limit itself to evidentiary findings as to the remaining defendant, Halliburton. *Id.* (providing summary judgment evidence as to Halliburton alone). It is well understood that to impose liability on a defendant, the plaintiff must, at a minimum, create a fact issue as to a defendant's involvement. Here, the plaintiffs have failed to carry this burden. Therefore, HESI, DII, and KBRII are dismissed as defendants in this case for all and each of plaintiffs' claims. The motion is **GRANTED** as to defendants HESI, DII, and KBRII.

### D.    Defendant Halliburton

As to the remaining defendant, Halliburton, the court is satisfied that plaintiffs have met their summary judgment burden. Their response is accompanied by numerous evidentiary examples of Halliburton's involvement in the allegations giving rise to this litigation, especially when viewed in the light most favorable to the plaintiffs. Dkt. 357. Therefore, the court declines to dismiss Halliburton as a defendant in this case.[4] The motion is **DENIED** as to defendant Halliburton.

Signed at Houston, Texas on November 24, 2009.

Gray H. Miller
United States District Judge

---

[4] The court notes Halliburton's argument that it was not a LOGCAP III signator. Dkt. 327. However, this fact is not outcome determinative; liability in this case does not arise from a contractual basis, and establishing that Halliburton is a signator is not an element of any of the plaintiffs' claims. *See* Fisher Dkt. 315 (claiming fraud, negligence, civil conspiracy, intentional infliction of emotional distress, intent to injure/assault, RICO violations, and conspiracy to commit racketeering); Lane Dkt. 142 (same); Smith-Idol Dkt. 1 (claiming fraud, negligence, § 1983 violations, intentional infliction of emotional distress, conspiracy to commit fraud, RICO violations, and conspiracy to commit racketeering).