UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN-SMITH-IDOL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1168 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court are plaintiff's motions for reconsideration and to supplement the record. Dkts. 222, 224. Upon consideration of the motion, the response, and the applicable law, the motion for reconsideration is DENIED. Plaintiff's motion to supplement the record is GRANTED as to the exhibits to the motion for reconsideration only.

**1.    Background**

The defendants moved to dismiss plaintiff's claims pursuant to the Defense Base Act on July 6, 2009. Dkt. 105. Plaintiff filed his response on August 8, 2009, incorporating the briefs and appendices of the plaintiffs in the *Fisher v. Halliburton*, H-05-CV-1731 and *Lane v. Halliburton*, H-06-CV-1971 cases. Dkt. 137, at 8 n.7. The court heard oral argument on the motion—and several other pending dispositive motions—on November 19, 2009, at which time it converted the motion to a motion for summary judgment. Dkt. 167. Later, on February 25, 2010, the plaintiff supplemented the record with several exhibits. Dkt. 198. Finally, on March 25, 2010, the court granted summary judgment for the defendants on all of the plaintiff's claims and entered final judgment. Dkts. 215, 216.

**2. Analysis**

The plaintiff moves the court for reconsideration of its order and/or new trial pursuant to Rules 59(b),[1] 60(b)(2), and 60(b)(3) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). However, motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "Under which rule the motion falls turns on the time at which the motion is served." *Lavaspere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Since the plaintiff filed his motion within the 28 day period, the plaintiff's motion falls under Rule 59(e), not Rule 60(b).

A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

The plaintiff argues the court incorrectly ruled that the Defense Base Act's exclusivity provision was broad enough to cover the defendants' alleged pre-employment torts against plaintiff.

---

[1] Although the plaintiff styles his motion as a Rule 59(b) motion for new trial, a motion for reconsideration of a court's ruling on summary judgment is properly cast as a Rule 59(e) motion to alter or amend a judgment. *Lavaspere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994).

2

Plaintiff does not offer any new arguments to demonstrate that the court made a manifest error of law. Instead, plaintiff states that he "simply reincorporates his prior arguments, authorities, and evidence." Dkt. 223 at 5. However, a Rule 59(e) is not meant for merely rehashing prior arguments. *Templet*, 367 F.3d at 178–79. Accordingly, the court declines to revisit its decision regarding the scope of the coverage of the Defense Base Act.

The plaintiff next argues that the court should consider evidence not properly before it on summary judgment. Plaintiff describes some of the evidence not before the court as new evidence. He contends that the new evidence would demonstrate that his injuries were not accidental under the Defense Base Act and proffers a chart listing the proposed new evidence and the facts it would add to the record. However, defendants counter with a chart of their own, demonstrating that in most instances the plaintiff either had a copy of the document when he first responded to the motion to dismiss, or supplemented the record with the document before the court ruled on the motion. In fact, according to defendants, almost all of the evidence now submitted by plaintiff is not new. Plaintiff has not contested these assertions.

"Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record." *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). Some factors to consider when determining whether to amend the judgment based on supplemental evidence are "(1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Templet*, 367 F.3d at 482.

In this instance, the first and fourth factors overlap. The plaintiff argues that he did not present the evidence to the court because it was produced late and in an unmanageable volume. But as discussed above, the vast majority of the evidence presented on the motion for reconsideration was not actually new to the plaintiff. Therefore, the reason for the plaintiff's default—the first factor—is not that the plaintiff did not possess the documents he now offers, but that he chose not to adduce the evidence either as part of his response to the motion or as one of the many documents added to the record as supplements before judgment. And the answer to the third factor—whether the evidence was available—is yes. "An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991)).

Additionally, plaintiff claims that the defendants have produced tens of thousands of documents since the responses were filed, and both before and after the court issued judgment. Plaintiff argues that he should have additional time to review the documents and essentially a second chance to respond to the motion for summary judgment. The court disagrees. Of the 68,000 pages of documents plaintiff claims were produced after his response to the motion was filed, approximately 30,000 were produced before the court entered judgment. The court freely allowed the plaintiff to supplement the record, and the plaintiff, by adopting the actions of the plaintiffs in the companion cases, did so. The documents produced after the court entered judgment consisted of two installments. The defendants produced the first, and largest, installment of over 30,000 pages of documents on March 26, 2010—the day after the court issued its order. However, the plaintiff did not file his motion for reconsideration until April 22, 2010—nearly a month later. The second installment arrived on April 13, 2010 and was much smaller, only 8,000 pages. The plaintiff has had ample time to review these documents to determine if any address the narrow issue of whether the

4

defendants expected plaintiff would be attacked on April 8, 2004. Therefore, the first and third factors do not weigh in favor of reconsideration.

The second factor—the level of importance of the documents—also weighs against reconsideration. Those documents identified by the plaintiff in his motion are cumulative of the documents before the court when it made its determination and would not change the court's decision. And, the court will not speculate regarding the contents of documents that the plaintiff did not identify.

The last factor—the prejudice to defendants—is not particularly helpful to this determination. Clearly, the defendants would be prejudiced if they are forced to continue litigating a case for an indefinite period of time. On the other hand, the plaintiff could be prejudiced if some "smoking gun" fact eventually comes to light that would change the outcome of the case. Here, the plaintiff has not demonstrated to the court that there exists a "smoking gun" document the court needs to review. Instead, he asks the court's permission to continue looking in the hopes that he might find one. Rule 59(e) was not intended to allow plaintiffs to simply keep trying until they get it right. *See Templet*, 367 F.3d at 478–79 (A Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Therefore, the court finds that this last factor, like the first three factors, weighs against the plaintiff's motion. Accordingly, the plaintiff's Rule 59(e) motion to alter or amend a judgment is denied.

The court notes that even had it reviewed the plaintiff's motion under the Rule 60(b) standard, the result would have been the same. The standard under Rule 60(b) is significantly more difficult to meet than the standard under Rule 59(e). *Lavaspere*, 910 F.2d at 173–4 ("A motion to reopen a case under Rule 59(e), though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive

requirements."). Since the plaintiff's motion fail to meet the more lenient Rule 59(e) standard, it would also fail to meet the more "exacting substantive requirements" of Rule 60(b).

**3.     Conclusion**

Pending before the court are plaintiff's motions for reconsideration and to supplement the record. Dkts. 222, 224. Upon consideration of the motion, the response, and the applicable law, the motion for reconsideration is DENIED. Plaintiff's motion to supplement the record is GRANTED as to the exhibits to the motion for reconsideration only.

It is so ORDERED.

Signed at Houston, Texas on May 27, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY